### MADDOCK et al. v. HAINES et al.

### No. 6056.

Circuit Court of Appeals, Seventh Circuit.

Feb. 11, 1937.

Carl V. Wisner, Carl V. Wisner, Jr., and Channing L. Sentz, all of Chicago, Ill., for appellants.

David K. Tone, James F. Bishop, John A. Brown, and Morse Ives, all of Chicago, Ill., for appellees.

Before SPARKS, Circuit Judge, and LINDLEY and BRIGGLE, District Judges.

SPARKS, Circuit Judge.

This is an appeal from a decree of the District Court construing the will of James H. Dole, a resident of Illinois at the time of his death.

Decedent died on February 16, 1902, leaving as his only heirs at law, his wife, Sarah, and the following children: George,

Mary, Julia, Frances and Charles. They were all of full age and ·under no disability.

The third paragraph of his will was as follows: "I hereby give, devise and bequeath to my son, Charles F. Dole, if he survive me, the sum of One Dollar ($1.00) which limits the extent to which I desire him to participate in my estate."

By the fourth paragraph the testator placed his property in the hands of a trustee, who was directed to pay· the income therefrom to support his wife and daughter, Mary, until the death of his wife, and after her death, to his four children, Frances, George, Mary and Julia. As to the distribution of the income during the continuance of the trust estate, the will further provided: " * * * in the event of any of my above named children dieing (sic) and leaving children living, then I direct that the share of the income of my said trust estate, which would have been paid by my said trustee to such deceased child or children, if living, under the terms of this will, shall be paid by my trustee to the children of my said deceased child or children, if any, in proportion to and according to the laws of descent of the State of Illinois." Then follows the disposition of the corpus: "Upon the death of the survivor of my following children * * * (Frances, George, Mary, and Julia) I direct that the trust estate herein created by this will shall immediately cease and determine, and the title to the property of said trust estate * * * shall thereupon and by such event vest immediately in the heirs at law of my above named children, Frances E. Leman, George S. Dole, Mary L. Dole, and Julia H. Hurlbut, and in case of said descendants of my above named children taking, it is my direction that they take per stirpes and not per capita."

Mary died December 21, 1907, without lineal descendants, leaving as her only heirs at law her mother, her two brothers and her two sisters. Testator's wife died June 26, 1909, leaving her four children as her only heirs at law. Frances died October 12, 1915, leaving as her only heirs the appellees Sheldon Dole Leman and Frances Leman Carpenter. Julia died September 27, 1919, leaving as her only heirs her brothers George and Charles, and the two Leman children. Charles, father of appellants, died April 13, 1927, leaving his two children Dorothy Dole Maddock and Katherine Dole Rudolph, as his only heirs.

George died July 19, 1934, leaving as his only heirs the two Leman children, appellees, and the two appellants.

Upon these facts, appellants, the children of Charles, contend that they are entitled to share in the corpus of the estate, as heirs at law of the three children who died childless. On the other hand, appellees urge that the testator intended to disinherit Charles and his children, and that the words "heirs at law" when read in the light of the entire will, and especially in connection with the words "said descendants" following "heirs at law," mean that only the children of the four children should take.

It is unnecessary to cite authorities to the well-established rule that the plain intention of the testator should always guide the court in construing a will, and that all presumptions and rules of construction must yield to that intention. It must always prevail unless contrary to some rule of law or public policy or established rule of property, and it must be gathered from a consideration of the entire will. Jones v. Miller, 283 Ill. 348, 119 N.E. 324; Potter v. Potter, 306 Ill. 37, 137 N.E. 425.

On the other hand, unless the intention of the testator be clear and reasonably certain, it will not be permitted to override the plain meaning of ordinary words, or the fixed legal meaning of technical words. It is not sufficient that the court may entertain a private belief that the testator intended something different from what he actually said, but that intention must be expressed with reasonable certainty on the face of the will. While the testator may disinherit an heir, yet the law will execute that intention only when it is put in a clear and unambiguous shape. Wright v. Page, 10 Wheat. 204, 6 L.Ed. 303.

The District Court, in an unpublished opinion, clearly and cogently set forth the reasons upon which its conclusions were based. They are as follows:

"The will under consideration very definitely stated that the son Charles should take one dollar 'which limits the extent to which I desire him to participate in my estate.'

"The claim of plaintiffs is, and must be, that they take by virtue of the will and because the testator intended they should take. The claim is not, and cannot be, that they take by virtue of the statute of de-

scent as in case of intestacy. The question then is whether or not there is anything in the will to indicate that the children of Charles should take part of the corpus of the estate. If it be assumed that they can take under the words, 'heirs at law,' then their father, Charles, who was the youngest of the five children and who might also have survived the last of the favored children, might also have taken as one of the 'heirs at law' of the three deceased children who died childless, but that would be contrary to the expressed intention of the testator that Charles should be limited to one dollar.

"It is to be noted that the will gives to the four favored children only a share of the income and nothing of the corpus. Plaintiffs' contention assumes the possibility that Charles might have shared in the corpus, something which was denied to the favored four children.

"Again, the will expressly provided that the descendants of the four favored children should take per stirpes. Although at the time of the execution of the will only one of the four favored children had children, the testator must have thought it possible that the other three might have children. * * *

"The will provided for income to the four favored children without mentioning the disinherited son. These four children received no part of the corpus. The testator, in distributing the corpus, provided that the children of the four children should take per stirpes * * *. If the children of Charles are included in the 'heirs at law,' the will does not provide any per stirpes limitation as to the children of Charles.

"At the time the will was executed, Charles had twin children, plaintiffs here, who were fourteen years old, and Frances had two children, defendants here, who were seventeen and nineteen years old. The testator made the bequest to Charles, good only if Charles survived the testator. He did not mention the children of Charles. However, with reference to the four other children he expressly provided, not only for the four children, but also for the possibility of their having children. One of the four already had . children. . * * *

"The express disinheritance of Charles and the specific limitation of the income to the four favored children and their children raises a strong inference that the tes-tator did not reverse himself and give any portion of the corpus of the estate either to Charles or to his children. In order to show an intention so to do we would expect to find something more definite than 'heirs at law' used side by side with 'said descendants' of the four named children. The testator did not refer to his own heirs at law but to the heirs at law of the specifically named four children.

"In view of the other provisions of the will we would expect to find that if the testator intended to include the children of Charles he would have indicated that intention clearly by saying that the corpus should go either to the five children of the testator and their children, or that the corpus should go to the four named children, and in case of the death of any one of them, leaving no children, then to the other children, including Charles, or to their children, including the children of Charles, specifically naming Charles and his children. The testator had specifically named Charles to disinherit him. If he had intended to make him or his children beneficiaries under the will, we would expect to find that he had named him or the children again in the will. * * *

" * * * The will under consideration shows a looseness of expression in several places. * * * In the disposition of the corpus there is specific and precise language that the children's children shall take per stirpes and not per capita, but in the distribution of the net income there is indefinite language that the children's children shall take 'in proportion to and according to the laws of descent of the State of Illinois,' when the laws of Illinois as to taking per capita or per stirpes was not free from doubt. (Dollander v. Dhaemers, 297 Ill. 274 [130 N.E. 705, 16 A.L.R. 8]; Wyeth v. Crane, 342 Ill. 545, 548 [174 N.E. 871].)

"A careful study of this will in the light of all the surrounding circumstances leaves the conviction that the testator disposed of Charles, and then excluded him from consideration, and that the testator did not intend that the children of Charles should participate in the corpus of the estate under the terms of the will."

We are convinced that the District Court arrived at the correct conclusion. It is quite true that technical words such as "heirs at law" should be construed in their technical sense unless a contrary intention specifically appears, and it is equally true

that a disherison under a will, generally speaking, does not prevent the disinherited person's taking as an heir at law under a subsequent clause, but each of these rules must give way to a contrary intention of the testator if it be clearly manifested by the will.

Appellants contend that to construe "heirs at law" as "children" in this case would be to contemplate a possible intestacy under the will, and that under the law any reasonable construction should be adopted to avoid intestacy. Even so, partial intestacy is not unlawful. The most that can be said is that the rules of construction do not favor it in the absence of a clear intention, but this rule like others above referred to must give way to a clearly expressed intention to the contrary. We think there was no reasonable construction of the will other than the one placed upon it by the District Court.

Decree affirmed.